**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS JOHN HEILMAN, | No. 19-56123 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-06569-JVS-FFM |
| v. | |
| D. H. McALISTER, individual; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 4, 2020**

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

California state prisoner Thomas John Heilman appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

retaliation and access-to-courts claims. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo a dismissal under 28 U.S.C. § 1915A for failure to

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Heilman's retaliation claim because Heilman failed to allege facts sufficient to show that any defendant acted with a retaliatory intent. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context).

The district court properly dismissed Heilman's access-to-courts claim because Heilman failed to allege facts sufficient to show that any defendant caused an actual injury to a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement).

The district court did not abuse its discretion by dismissing Heilman's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by denying Heilman's motion

for recusal of the magistrate judge because Heilman failed to establish any ground for recusal. *See United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (setting forth standard of review and circumstances requiring recusal).

**AFFIRMED.**